305 So.2d 348 (1974)
Tony B. WATTS
v.
STATE of Mississippi.
No. 48137.
Supreme Court of Mississippi.
December 23, 1974.
*349 Singley & Morgan, Columbia, for appellant.
A.F. Summer, Atty. Gen. by Billy L. Gore, Sp. Asst. Atty. Gen., Jackson, for appellee.
SUGG, Justice:
Tony B. Watts was convicted in the Circuit Court of Marion County for the crime of assault and battery with intent to kill and murder Willie Averett, and was sentenced to serve 7 years in the State Penitentiary. From that conviction and sentence he appeals.
According to the State's evidence police officers, Willie Averett and Talmadge Thompson, were on routine patrol about 9:00 p.m. on September 20, 1970 in the City of Columbia when they observed the defendant commit a traffic violation. The officers immediately pursued defendant in their vehicle with the blue lights flashing and followed him a distance of about 3 blocks to the house where he was living. Averett stated that his purpose in pursuing defendant was to arrest him for the traffic violation.
Defendant parked his car in the yard of his residence, got out, and started toward the house. Officer Averett parked the patrol car nearby, exited therefrom and asked defendant to wait a minute. Defendant ignored the request, and when Averett started to follow, defendant said, "Don't follow me. Don't follow me." Averett continued his pursuit, however, and was close behind when defendant went inside the house. Averett testified that the door of the house was open when he entered and that he never lost sight of defendant during the pursuit. Averett also stated that immediately after he entered the house, the defendant, who was still walking away from him, turned and fired one shot at him from a small caliber pistol. The bullet grazed Averett's cheek, but the wound was not serious enough to require medical attention. Officer Averett testified that, when the shot was fired by the defendant, he had not drawn his gun and that no words were spoken either by him or by defendant inside the house before the shooting. He estimated that the defendant was 6 to 10 feet from him at the time the shot was fired and admitted that defendant had the opportunity to fire another shot if he had wished.
After the shot Averett fell out the door, drew his weapon and upon reentering the house found a woman and some children standing in front of defendant. He did not return the fire of defendant for fear of hitting someone other than defendant. While the officers were waiting for additional help to come to the scene, the defendant escaped and remained at large for approximately 2 years.
Defendant's defense was that the shooting occurred accidentally while he was attempting *350 to protect himself from one whom he believed to be a trespasser in his house. According to the testimony of defendant and his witnesses, defendant was unaware that he was being pursued by police officers. He arrived at his house and, after a brief diversion, went inside. Within a matter of minutes, Officer Averett entered defendant's house without warning or explanation and grabbed him from behind. Defendant managed to free himself and reached for a gun that was lying nearby. Officer Averett once again grabbed defendant from behind. During the struggle, the gun accidentally discharged when defendant's hand hit the door facing. Defendant said that he did not know his assailant was a police officer until the gun discharged and the officer let go of him; that he only intended to strike his assailant on the head in an attempt to scare him away.
Defendant has assigned six errors, but we find no merit in any except the granting of Instructions numbered 3[1] and 4[2] for the State.
In Toney v. State, 298 So.2d 716 (Miss. 1974) we held that the giving of an instruction identical to Instruction No. 3 was reversible error. The vice of the instruction is that it cut off the defendant's contention that the shooting was accidental while defending himself from an attack. See Pittman v. State, 297 So.2d 888 (Miss. 1974).
Instruction No. 4 is erroneous because in the latter part it directs the jury to find defendant guilty as charged if the victim (Officer Averett) shot and wounded defendant with intent to kill and murder the defendant.
The indictment in this case was drawn on a form which contained the standard formal language of the charge in print with blanks left for filling in the names, dates and details of the offense. The indictment charged:
That Tony B. Watts late of the County aforesaid, on the 20th day of September in the year of our Lord, 1970, in the County and State aforesaid, and within the jurisdiction of this Court, with a certain deadly weapon, to-wit, a Pistol in and upon one Willie Averett a human being, unlawfully, wilfully, and feloniously, an assault did, then and there, make, and him, the said Willie Averett with the said deadly weapon, unlawfully, wilfully, and feloniously, did, then and there, shoot and wound with the felonious intent, then and there, he, said Tony B. Watts unlawfully, wilfully, feloniously, and of his malice aforethought to kill and murder, against the peace and dignity of the State of Mississippi.
It is apparent from the indictment that the names of defendant, Tony B. Watts, and his victim, Willie Averett, were reversed when the names of the assailant and his *351 victim were inserted in the last two blanks on the form, thereby causing the last portion of the indictment to charge Officer Averett with assaulting defendant. This clerical error in the indictment should be corrected by proper amendment before re-trial of this case. Instruction No. 4 was obviously copied from the indictment and the error in the indictment was thus incorporated in the instruction.
The defendant also contends that the attempt to arrest him was illegal because the arresting officer did not inform him either, that he was under arrest, or the reason for the arrest; that the officer's entry into his house was unlawful. We think it appropriate to comment on these claims.
According to the State's version of events Officer Averett, after observing the defendant commit a traffic violation, pursued defendant first by patrol car with blue lights flashing and then by foot after defendant failed to comply with the officer's request to "Wait a minute." Just before entering his house, the defendant told Officer Averett not to follow him, but Averett continued in hot pursuit into the house where the shooting occurred. Officer Averett had authority to arrest defendant for an indictable offense committed in his presence; however, the arrest was not consummated at that time because of the flight of defendant. Since Officer Averett was pursuing defendant in an effort to arrest him, he was not required to inform defendant of the object and cause of the arrest. See Mississippi Code Annotated section 99-3-7 (1972). The officer had the right to enter the house in pursuit of the defendant and to use force, if necessary, to enter the house. Mississippi Code Annotated section 99-3-11 (1972).
For the reasons stated, this case is reversed and remanded for a new trial.
Reversed and remanded.
GILLESPIE, C.J., and SMITH, ROBERTSON and WALKER, JJ., concur.
NOTES
[1] The court instructs the jury for the State of Mississippi that, while malice aforethought is a necessary ingredient to the crime charged, still "malice aforethought" means the same thing as shooting a human being with a deadly weapon with the deliberate design to effect the death of any human being; and this malice aforethought and deliberate design do not necessarily mean hatred or ill will, and need not exist in the mind of the defendant for any definite time, not for days or hours or even minutes, but if the deliberate design to kill exists but for an instant at the very time the shot is fired, then this is sufficient premeditation and deliberation to constitute "malice aforethought."
[2] The court instructs the jury for the State of Mississippi that if you believe from the evidence presented in this case beyond a reasonable doubt that Tony B. Watts in Marion County, Mississippi, on or about the 20th day of September, 1970, with a certain deadly weapon, to-wit: a pistol, in and upon one Willie Averett, a human being, unlawfully, willfully and feloniously an assault did then and there make and him, the said Willie Averett, with the said deadly weapon, unlawfully, willfully and feloniously, did then and there shoot and wound with the felonious intent, then and there he said Tony B. Watts unlawfully, willfully and feloniously and of his malice aforethought to kill and murder, then it is your sworn duty to find the defendant guilty as charged.