346 So.2d 912 (1977)
Odell COOLEY
v.
STATE of Mississippi.
No. 49737.
Supreme Court of Mississippi.
June 1, 1977.
Buckley & Ford, Carl D. Ford, Laurel, for appellant.
A.F. Summer, Atty. Gen. by Catherine W. Underwood, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before GILLESPIE, C.J., ROBERTSON and LEE, JJ., and PIGOTT, Commissioner.
*913 JOE N. PIGOTT, Commissioner for the Court:[1]
This is an appeal from a conviction of murder and life sentence. The facts are not set out herein as the case must be reversed and remanded for a new trial.
The testimony of the appellant and his witnesses made an issue of fact as to self-defense. Over timely objection of the defendant, the court granted Instruction No. 4 requested by the State, which is as follows:
The Court instructs the jury that while malice aforethought is a necessary ingredient to the crime of murder, still "malice aforethought" means the same as killing a human being with the deliberate design to effect the death of the person killed; and that this malice aforethought and deliberate design does not necessarily mean hatred or ill will, and need not exist in the mind of the Defendant for any definite time, nor for days or hours or even minutes, but if the deliberate design to kill exist at the time of the killing, this [sic] sufficient premeditation and deliberation to constitute the offense.
*914 In Pittman v. State, 297 So.2d 888 (Miss., 1974), the Court considered this same instruction and held it to be reversible error in that form, stating on page 893:
The vice of the instruction is that it requires the jury to convict the defendant of murder if it finds that premeditation or deliberate design to kill the deceased existed at the time the killing occurred. The instruction fails to inform the jury that there are instances in which a deliberate design to kill may exist at the moment the fatal blow was struck and yet the homicide may be justifiable or excusable . ..
This instruction pared away the rights of the defendant and required the jury to find him guilty of murder even though the killing might have been justifiable by reason of self-defense. One may have a deliberate design to kill and yet not be guilty of murder.
See also Newell v. State, 308 So.2d 71 (Miss., 1975).
It is argued that the instruction is not erroneous when read with the other instructions. This argument was also made and answered in Pittman, supra, at page 893, wherein the Court said:
The instruction under consideration is in irreconcilable conflict with other instructions. The defendant's self-defense instructions did not cure the error because they are in hopeless conflict with the last clause of this instruction. Hudson v. State, 295 So.2d 766 (Miss., 1974); Butler v. State, 177 Miss. 91, 170 So. 148 (1936).
The error in Instruction No. 4 is not cured by Instruction No. 8 for the State which, in itself, is erroneous as an abstract statement. Instruction No. 8 follows:
Deliberate design to kill is all that is required by Mississippi Law to make a homicide a murder. Deliberate design means intent to kill, without authority of Law and not being legally justifiable, legally excusable or under circumstances that would reduct [sic] the act to a lesser crime.
We find no merit in the other assignments of error.
REVERSED AND REMANDED FOR A NEW TRIAL.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.
NOTES
[1] pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.