634 So.2d 524 (1994)
Ray Anthony DUVALL
v.
STATE of Mississippi.
No. 91-KA-0722.
Supreme Court of Mississippi.
March 24, 1994.
Edward J. Bogen, Jr., McGee & Bogen, Leland, for appellant.
Michael C. Moore, Atty. Gen., Wayne Snuggs, Asst. Atty. Gen., Jackson, Ellen Y. Dale, Ridgeland, for appellee.
Before HAWKINS, C.J., and McRAE and JAMES L. ROBERTS, Jr., JJ.
*525 HAWKINS, Chief Justice, for the Court:
Ray Anthony Duvall appeals his conviction of murder in the circuit court of the second judicial district of Bolivar County and sentence to life imprisonment. Because of the erroneous refusal of a requested defense instruction, and the erroneous granting of a requested instruction for the State, we reverse.

FACTS
On Thursday night, January 3, 1991, Duvall, armed with a pistol, shot and killed Albert Kizart in the parking lot of the "B & L Lounge" in Cleveland. He was indicted for murder April 16, 1991. At his trial in May, the State offered ample evidence to convict Duvall of murder, and the defense offered evidence that Duvall in the slaying acted in self-defense. A number of witnesses testified. There had been previous trouble between Kizart and Duvall. There was also evidence warranting the jury to convict Duvall, if not of murder, of manslaughter.
At the conclusion of trial, Duvall was refused the following instruction:
INSTRUCTION NO. D-9
The Court instructs the jury that the laws of this State allows a citizen of this State to carry a concealed weapon if he has been threatened, and if he has good and sufficient reason to apprehend a serious attack from any enemy, and that he does so apprehend. If you believe from the evidence that prior to January 3, 1991, Ray Anthony Duvall had been threatened by Albert Kizart and Michael Matthews and that Ray Anthony Duvall had good and sufficient reason to apprehend a serious attack from Albert Kizart and Michael Matthews and Ray Anthony Duvall did so apprehend, then Ray Anthony Duvall had a right to carry a concealed weapon.
Also, the State was granted the following instruction to which Duvall offered no objection:
INSTRUCTION NO. S-2
The Court instructs the jury that the deliberate design mentioned in the instructions does not have to exist in the mind of the slayer for any given length of time; and if at the very moment of the act of violence, if any, the defendant, Ray Anthony Duvall, acted with the deliberate design to take the life of Albert Kizart, and not in necessary self defense, real or apparent, then it was as truly malice and the act was as truly murder as if the deliberate design had existed in the mind of the defendant for minutes, hours, days, weeks, or even years. (Emphasis added)
Duvall was given the following instruction on manslaughter:
INSTRUCTION NO. D-10
The Court instructs the jury that murder is done deliberately with malice aforethought and manslaughter is done without malice or deliberation, but in the heat of passion, by use of a deadly weapon, without authority of law and not in necessary self-defense.
If you, the jury, find from the evidence in this case, beyond a reasonable doubt, that Albert Kizart died as a result of his having been shot by the defendant, Ray Anthony Duvall, through the use of a deadly weapon, while Ray Anthony Duvall, was angry and in the heat of passion, and that the shooting was not in necessary self-defense, then you shall find the defendant guilty of manslaughter. (Emphasis added)

LAW

A. INSTRUCTION S-2
Granting State's Instruction S-2 was error and in hopeless conflict with D-10, and the Court committed reversible error in granting them. Windham v. State, 520 So.2d 123 (Miss. 1987). There is no reason for the prosecuting attorney and the circuit judge to be unaware of the clear holding in Windham, and S-2 should never have been offered by the State or granted by the circuit judge.
The State contends Duvall waived the error for not objecting to giving the instruction at trial, and Duvall's counsel on *526 appeal argues we should reverse because of ineffectiveness of trial counsel in not objecting. It is the duty of defense counsel to object to an instruction offered by the State which he deems improper, and ordinarily failure to timely object will on appeal be deemed a waiver of any defect. Where, however, the State offers and the circuit judge grants an instruction which we have clearly held is erroneous, we are not going to hold defense counsel to the same degree of diligence he has on instructions this Court has not ruled upon. We again hold that when the circuit court grants instructions clearly erroneous and which deny the accused a fair and objective evaluation of the evidence by the jury, we will reverse, even though there was no objection by defense counsel. McMullen v. State, 291 So.2d 537, 541 (Miss. 1974). A circuit judge has a responsibility to see that the jury is properly instructed. Peterson v. State, 518 So.2d 632, 637-638 (1987); Harper v. State, 478 So.2d 1017, 1018, 1022-1023 (Miss. 1985); Newell v. State, 308 So.2d 71, 78 (Miss. 1975).

B. INSTRUCTION D-9
In Ray v. State, 381 So.2d 1032 (Miss. 1980), we held that the accused was entitled to such an instruction when he had good reason to fear his life had been threatened. Miss. Code Ann. § 97-37-9(a) (Supp. 1993) provides that it is a defense to the charge of carrying a concealed weapon under Miss. Code Ann. § 97-37-1 (Supp. 1993) for the defendant to show that "he was threatened, and had good and sufficient reason to apprehend a serious attack from any enemy, and that he did so apprehend."
It is not necessarily reversible error for the circuit court to refuse such instruction, however. In cases where the State makes no reference or intimation that the defendant did not have a right to carry the weapon, the circuit judge may see no need for it. See Ray, 381 So.2d at 1035; Austin v. State, 324 So.2d 245 (Miss. 1975). In this case the prosecuting attorney in his argument before the jury pointed out that the deceased was not armed, from which the jury might infer Duvall was in the wrong in being armed. There was an objection, which was sustained by the court, but such argument did make the refusal of the instruction in this case error.
We do agree with the State's suggestion in its brief that when such an instruction is given by the circuit court, it be prefaced with the admonition to the jury that it "should not view as evidence against the defendant that he carried a concealed weapon on his person," because under the law he did have a right to carry a concealed weapon if he had been threatened and had good reason to fear a serious attack from any enemy, and did in fact fear such attack. Such an instruction, as the State contends, would neither aid nor prejudice either side.
For the reasons stated, this cause is reversed and remanded for a new trial.
REVERSED AND REMANDED FOR PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.
PRATHER, P.J., and SULLIVAN, BANKS, McRAE, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
DAN M. LEE, P.J., concurs in result only.
PITTMAN, J., not participating.