¶ 40. I concur in the majority opinion. The purpose of my separate opinion is to elucidate why I agree that reversal and remand is required in this case, and why I believe that it is appropriate to address the erroneous malice aforethought jury *Page 713 
instruction in light of McGee's failure to object at trial.
¶ 41. The majority cites Windham v. State, 520 So.2d 123, 126 (Miss. 1987), in which the court found that it was contradictory to say that deliberate design could be formed at the moment of the fatal act. The court further noted that it is possible for deliberate design to exist where the killing is no greater than manslaughter. Thus, theWindham court found that the definition of malice aforethought in the murder instruction was "in hopeless conflict with the manslaughter instruction." Id.
¶ 42. I am writing separately to address the State's argument that the giving of S-2 in the case sub judice was harmless error because the facts of the case did not support the giving of a manslaughter instruction. In Catchings v. State, 684 So.2d 591 (Miss. 1996), the court acknowledged that: "Where deliberate design and manslaughter instructions are given, and `where under the evidence the jury might reasonably have concluded that the defendant acted in the heat of passion, we will . . . ordinarily reverse.'" Id. at 595 (quoting Blanks v. State, 542 So.2d 222, 227 (Miss. 1989)). Under the particular facts of Catchings, the court concluded that it was harmless error to give an instruction stating that deliberate design could be formed at the moment of the fatal act because the jury could not have reasonably found that the defendant acted in the heat of passion. Thus, although the trial court gave a manslaughter instruction in Catchings, along with the deliberate design instruction which Windham rejected, the court did not reverse.
¶ 43. In the case sub judice, the State obviously felt that there were sufficient facts to warrant a manslaughter instruction because the State insisted that the trial court give a manslaughter instruction. The trial court also thought a manslaughter instruction was warranted since it gave the manslaughter instruction. The record contains facts which support a manslaughter instruction. It is disingenuous for the State to insist upon a manslaughter instruction at trial and now insist that the facts of the case do not support a manslaughter instruction.
¶ 44. McGee did not object to the instruction containing the malice aforethought definition, but he did object to the giving of a manslaughter instruction. Since McGee was stuck with a manslaughter instruction which he did not desire, he was at least entitled to an instruction which would explain that deliberate design, or malice aforethought, could also exist if the killing was manslaughter. As we recently held in Brown v. State, 1999-KA-00058 (Miss. Ct. App. Dec. 7, 1999):
 The defect in an instruction that says guilt of murder exists if "the deliberate design to kill exists but for an instant," is that it does not tell the jury that "the deliberate design to kill might exist and the killing be manslaughter." Pittman v. State, 297 So.2d 888, 893 (Miss. 1974). The cure for this defect was to qualify that instruction by whatever the facts of the case present as justification or excuse. Id. The error is not in giving a deliberate design instruction, therefore, but in giving an incomplete one if manslaughter or other relevant issue is adequately raised by the evidence.
Id. at (¶ 16). Since I believe that the facts of this case are governed by Windham and not by Catchings as urged by the State, I concur in the majority's finding of error and agree that reversal and remand is necessary.
¶ 45. The other reason for my writing separately is that I wish to clarify that this opinion does not deviate from the general proposition that failure to object to erroneous *Page 714 
jury instructions constitutes waiver of the issue on appeal. Oates v.State, 421 So.2d 1025, 1030 (Miss. 1982). We reach the issue in the casesub judice for very limited and specific reasons. In Duvall v. State,634 So.2d 524 (Miss. 1994), the supreme court held that, despite the defense attorney's failure to object to an erroneous deliberate design instruction:
 There is no reason for the prosecuting attorney and the circuit judge to be unaware of the clear holding in Windham, and S-2 should never have been offered by the State or granted by the circuit judge. . . . Where, however, the State offers and the circuit judge grants an instruction which we have clearly held is erroneous, we are not going to hold defense counsel to the same degree of diligence he has on instructions this Court has not ruled upon.
Id. at 525-26.
¶ 46. The supreme court reiterated this rule in Fears v. State,779 So.2d 1125 (Miss. June 29, 2000), but did not apply it because the wording of the particular instruction was not the same as that rejected by Windham. The instruction involved in Fears stated that "premeditated design could be formed an instant before the fatal act" as opposed to "at the moment" of the fatal act. The Fears court held that under these circumstances: "Windham does not constitute clear notice to a trial judge or prosecutor that the instruction at issue in this case was clearly erroneous." Id. Thus, the Fears court applied the procedural bar because defense counsel failed to object and "there is no reason not to hold defense counsel to the same degree of diligence to which this Court has repeatedly held that it will be held." Id. Since the instruction involved in the case sub judice contained the "at the moment" language rejected inWindham, ample notice had been given that the instruction was clearly erroneous. Thus, under these limited circumstances, the procedural bar enunciated in Oates does not apply.
¶ 47. Having expressed my concern that the opinion in the case subjudice should not be viewed as carte blanche to raise as error the giving of jury instructions to which the defense counsel failed to object at trial, I hereby concur that the trial court committed reversible error. Having agreed in reversal and remand on this issue, I shall not address the other issues assigned as error.
SOUTHWICK, P.J., JOINS THIS SEPARATE WRITTEN OPINION.