914 So.2d 270 (2005)
Jeffrey JOHNSON, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-KA-01059-COA.
Court of Appeals of Mississippi.
October 25, 2005.
*271 Pearson Liddell, Jr., Mississippi State, attorney for appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before LEE, P.J., GRIFFIS, and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. Jeffrey Johnson appeals his conviction for possession of a controlled substance. Finding no error, we affirm.

STATEMENT OF FACTS
¶ 2. In January 2004, Jeffrey Johnson was indicted for possession of cocaine in an amount greater than ten grams, but less than thirty grams. Miss.Code Ann. § 41-29-139 (Rev.2001). The matter went to trial in April 2004 and Johnson chose not to testify. During the State's closing argument, Johnson objected to a comment which the prosecutor made in relation to Johnson's knowledge of the events related to the charge. The trial court sustained the objection, but denied Johnson's subsequent motion for a mistrial. The jury subsequently found Johnson guilty of the charge.
¶ 3. Johnson then filed a motion for a new trial or, in the alternative, a judgment notwithstanding the verdict. The trial court denied the motion. Aggrieved, Johnson now appeals to this Court arguing that the trial court erred in failing to grant Johnson's motion for a mistrial.

DISCUSSION
¶ 4. Johnson maintains that the trial court erred in failing to grant his motion for a mistrial because of a comment made by the State during its closing argument to the jury which Johnson claims created an impermissible inference that Johnson's failure to testify was an indication of guilt. Johnson argues that the State's comment to the jury was improper and harmful, and it was a violation of his Fifth and Fourteenth Amendment rights under the United States Constitution which required the trial court to grant his motion for a mistrial
¶ 5. Turning our attention to the proceedings in the trial court, the record reveals that during the State's closing argument, the prosecutor stated the following to the jury in relation to Johnson's version of the facts:

*272 You know that didn't happen. I know it didn't happen. The police officers know it didn't. You know who else knows it didn't happen? You know who else knows the police officers didn't make this story up? That defendant right there knows that it happened just the way [the State's witnesses] said it did.
¶ 6. Johnson's attorney immediately objected to the comment and asked to approach the bench. The trial court sustained the objection and told Johnson's attorney that he may approach the bench after the State finished its closing statement to the jury. Once the jury had retired to deliberate, Johnson made a motion for a mistrial arguing that the State had impermissibly commented on Johnson's decision not to testify. The trial court denied the motion explaining that when the comment was made, the court felt that it was an improper comment by the State regarding knowledge that Johnson had that was unshared with the jury. The court went on to explain that the indirect comment on Johnson's failure to testify justified sustaining the objection, however, the motion for a mistrial was denied as there was no further argument by the State in that same vein.
¶ 7. Before proceeding with our analysis, we are mindful of the standard of review. "`Whether to grant a motion for mistrial is within the sound discretion of the trial court. The standard of review for denial of a motion for mistrial is abuse of discretion.'" Caston v. State, 823 So.2d 473, 492(¶ 54) (Miss.2002) (quoting Pulphus v. State, 782 So.2d 1220, 1222(¶ 10) (Miss.2001)).
¶ 8. With the standard of review in mind, we return to the parties' respective arguments. Johnson points out that the Mississippi Supreme Court has held that "the test to determine if an improper argument by a prosecutor requires reversal is whether the natural and probable effect of the prosecuting attorney's improper argument created unjust prejudice against the accused resulting in a decision influenced by prejudice." Dunaway v. State, 551 So.2d 162, 163 (Miss.1989) (citing Craft v. State, 226 Miss. 426, 84 So.2d 531 (1956)).
¶ 9. Johnson also relies on Johnson v. State, 596 So.2d 865 (Miss.1992) in support of his argument. The defendant in Johnson was charged with receiving stolen property. Id. at 865. The defendant testified at trial that someone left the property in his driveway, and he had no idea that the property was stolen. Id. at 866. During closing arguments, the State told the jury that they should use their common sense in reaching a verdict, and in deciding whether they should believe the defendant's version, they should consider that when the defendant was arrested, he never told the police that story. Id. at 867. In reversing the trial court's denial of the defendant's motion for a mistrial, the Mississippi Supreme Court concluded that the prosecutor's comments were improper because they had no evidentiary support in the record; there was no evidence in the record as to whether the defendant was advised of his right against self-incrimination when he was arrested, or whether the defendant made any post-arrest statement to the police. Id. at 868-69.
¶ 10. Comparing the facts of this appeal to those involved in Johnson, we conclude that this case is materially distinguishable. Johnson involved a defendant who testified at trial, as well as prosecutorial comments regarding Miranda rights and post-arrest statements which were not supported by the record. Furthermore, the State's subsequent remarks about the defendant's version of how he came into possession of the stolen property mistakenly indicated as proven fact that he had never explained that to the authorities before trial and also *273 lacked evidentiary support. None of these material facts in Johnson are present in this appeal.
¶ 11. For its part, the State argues that the prosecutor's remark was not a comment on Johnson's failure to testify, but was, rather, a comment on the evidence presented. The Mississippi Supreme Court has addressed the competing interests implicated by this appeal. "Balanced against [a defendant's Fifth Amendment right], however, is the rule that attorneys are to be given wide latitude in making their closing arguments. Thus, although a direct reference to the defendant's failure to testify is strictly prohibited, all other statements must necessarily be looked at on a case by case basis." Strahan v. State, 729 So.2d 800, 807(¶ 27) (Miss.1998). Furthermore, the Mississippi Supreme Court has held that the decision as to whether a prosecutor's comment was improper must be based on the context in which the comment was made. Fears v. State, 779 So.2d 1125, 1129-30(¶ 20) (Miss. 2000).
¶ 12. The record reflects that the trial judge stated that his rationale for sustaining Johnson's objection to the comment was based on the court's belief that if the State's argument had continued, it might have been construed as an indirect comment on Johnson's failure to share his personal knowledge with the jury. The record is clear that the trial court believed that the comment had not yet reached that point. We are reminded that the trial judge is in the best position to determine if an alleged objectionable remark has a prejudicial effect and whether a mistrial should be granted as a result. Roundtree v. State, 568 So.2d 1173, 1177-8 (Miss. 1990).
¶ 13. After a thorough analysis of the context in which the prosecutor's remark was made, this Court concludes that the prosecutor was commenting on the weight and sufficiency of the evidence offered by the State, rather than on Johnson's decision not to testify. See Strahan, 729 So.2d at 807 (¶¶ 26-30). Furthermore, the record shows that the trial court properly instructed the jury that the comments made by the attorneys during the course of the trial were not evidence that they may consider in determining Johnson's guilt. See Foster v. State, 639 So.2d 1263, 1288 (Miss.1994).
¶ 14. Based on the prosecutor's statement itself, the context in which it was made, and the instructions to the jury, we are unable to conclude that the remark created unjust prejudice against Johnson resulting in a jury decision influenced by prejudice. Therefore, we specifically find that the trial court did not abuse its discretion in denying Johnson's motion for a mistrial.
¶ 15. THE JUDGMENT OF THE OKTIBBEHA COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF A CONTROLLED SUBSTANCE AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, FIVE YEARS OF POST-RELEASE SUPERVISION, AND PAYMENT OF A $2,000 FINE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.