941 So.2d 843 (2006)
Tremayne WHITLOCK, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-KA-00239-COA.
Court of Appeals of Mississippi.
May 2, 2006.
Rehearing Denied August 15, 2006.
Certiorari Denied November 2, 2006.
*844 Daniel Kyle Robertson, attorney for appellant.
Office of the Attorney General by Scott Stuart Eddie Bowen, attorney for appellee.
EN BANC.
KING, C.J., for the Court.
¶ 1. Tremayne Whitlock was convicted by a Covington County Circuit Court jury for the May 12, 1999, murder of Alex Jones. Aggrieved, Whitlock raises the following issues on appeal:
1. Whether the trial court erred when it denied Defendant's Motion for Mistrial and Motion for a New Trial based upon the Prosecutor's improper comment on the Defendant's failure to testify.
2. Whether the court erred in failing to instruct the jury to disregard the District Attorney's comment on the Defendant's failure to testify.
¶ 2. Finding no reversible error, we affirm.

*845 FACTS
¶ 3. On May 12, 1999, Alex Jones (Jones), Lee Scott, Anthony Barnes, Greg Jones, Leverne Jones, Secdrick Booker, and Tremayne Whitlock were barbequing outside of Jones' grandmother's house. Jones and Whitlock engaged in a game of dice. During the dice game, a die rolled underneath a vehicle parked in the driveway. Whitlock claimed that the point was in his favor, while Jones indicated that he did not see the point. An argument ensued over who owned the pot of gambling money. Jones grabbed the eighty dollar pot, but eventually split it with Whitlock. Whitlock then drove off. Jones and his friends then went on a leisurely drive, stopping to pick up another friend, Stanley Goudy. Goudy testified that Lee Scott had previously left a gun at his house, and when the guys came to pick him up they requested that he retrieve it from his house, which he did and gave it to Booker.
¶ 4. As Jones and his friends were crossing Highway 49, Whitlock pulled up beside the truck and got out of his vehicle. He walked over to the truck and asked Jones, "Where [sic] my money at now?" and shot Jones two times. Several people jumped out of the truck and began running. Jones and Booker returned fire as Whitlock drove away. Greg and Booker drove Jones to the hospital in Collins where he died. The day after the shooting, Whitlock gave a statement to Mississippi Highway Patrol Investigator Darrell Perkins who was assisting the Collins Police Department with the investigation of Jones' death. In his statement, Whitlock admitted shooting Jones' but claimed that he was acting in self-defense. Whitlock claimed that when he approached the truck asking Jones for his money, Jones pointed a gun at him and the guys in the back of the truck jumped out and someone fired at him. Whitlock claimed that he merely returned fire.
¶ 5. Whitlock's trial commenced on July 15, 2003, where Booker, Goudy, Scott, and Greg Jones testified against Whitlock, giving their eyewitness accounts of the shooting. Additionally, Lawrence Evans testified that shortly before the shooting Whitlock drove by his house asking if Evans had seen Jones and "the gang." Evans stated that Whitlock had on white gloves and had a pistol sitting in his lap. Darryl Denham, a friend of Whitlock's who Whitlock picked up shortly before the shooting, confirmed the other eyewitness' accounts that Whitlock shot first.

ANALYSIS
¶ 6. Whitlock complains that the following statements made by the prosecutor during closing arguments was an improper comment on Whitlock's failure to testify:
Now, this statement that you will see Mr. Tremayne Whitlock gave, he gave it the day after the shooting. He did not give that statement under oath. In other words, he didn't raise his hand, and do you swear to tell the truth the whole truth and nothing but the truth, yeah and then give the statement.
These other witnesses that came in here to court yesterday were sworn in to tell the truth.
* * * *
Okay. This statement was not given under oath. This was a statement given the day after the shooting. The people who came in here in this court and testified were under oath to tell the truth. Okay?
¶ 7. Attorneys are given wide latitude in making closing arguments. Davis v. State, 914 So.2d 200, 207 (Miss.Ct.App. 2005) (citing Robinson v. State, 733 So.2d 333(¶ 13) (Miss.Ct.App.1998)). However, in order to protect an accused's constitutional right against self-incrimination, *846 prosecutors are forbidden from making direct comments on the defendant's failure to testify. Jones v. State, 669 So.2d 1383, 1390 (Miss.1995). To do so constitutes reversible error. Jimpson v. State, 532 So.2d 985, 991 (Miss.1988).
¶ 8. The statement made during the prosecutor's closing argument, when viewed in isolation, could be construed as an indirect comment on Whitlock's failure to testify. However, it must be noted that the statement was made in response to defense counsel's closing argument. In closing, defense counsel made a comparison between the State's eyewitnesses who claimed that Whitlock was the aggressor and Whitlock's statement to Officer Perkins in which he claimed that someone in the truck shot first. The relevant portion of defense counsel's argument follows:
Mr. Bowen[, the prosecutor,] he wants to take this statement of Tremayne Whitlock's. . . . This is what Tremayne Whitlock told [Detective Perkins]. That's what he told them the day after [the shooting]. . . . He made this statement he didn't have me there. He didn't have a lawyer then. He didn't have four years to think about it before he made this. He didn't meethe didn't have four years to tell his story or meet with the District Attorney like them other witnesses did a couple of years ago to get their facts straight again like they told you they did. This is what he said right after it, and Mr. Bowen wants to put witnesses up here, and he starts picking through this.
¶ 9. "[A]lthough a direct reference to the defendant's failure to testify is strictly prohibited, all other statements must necessarily be looked at on a case by case basis. . . . [T]he decision as to whether a prosecutor's comment was improper must be based on the context in which the comment was made." Johnson v. State, 914 So.2d 270, 272(¶ 11) (Miss.Ct.App.2005) (citing Strahan v. State, 729 So.2d 800, 807 (¶ 27) (Miss.1998); Fears v. State, 779 So.2d 1125, 1129-30 (¶ 20) (Miss.2000)). Furthermore, it is wholly permissible for a prosecutor to comment upon the weight and sufficiency of the evidence presented by the State. See Johnson, 914 So.2d at 273(¶ 13).
¶ 10. After viewing the statements of each attorney in context, it is clear that the prosecutor was commenting upon the weight of the evidence rather than on Whitlock's failure to testify. This issue is without merit. Since we find that the prosecutor's statement was permissible, Whitlock's second issue necessarily fails.
¶ 11. THE JUDGMENT OF THE COVINGTON COUNTY CIRCUIT COURT OF CONVICTION OF MURDER AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANT.
LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.