# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-00685-COA

**TREMAYNE WHITLOCK**                                                           **APPELLANT**

**v.**

**ALBERT NECAISE**                                                              **APPELLEE**

DATE OF JUDGMENT:              04/08/2015
TRIAL JUDGE:                  HON. L. BRELAND HILBURN
COURT FROM WHICH APPEALED:    HARRISON COUNTY CIRCUIT COURT,
                              FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:       JANE E. TUCKER
ATTORNEY FOR APPELLEE:        WYNN E. CLARK
NATURE OF THE CASE:           CIVIL - LEGAL MALPRACTICE
TRIAL COURT DISPOSITION:      DISMISSED APPELLANT'S CLAIM FOR
                              LEGAL MALPRACTICE
DISPOSITION:                  REVERSED AND REMANDED - 09/06/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., BARNES AND GREENLEE, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1.     In this appeal, we must decide whether the Circuit Court of the First Judicial District of Harrison County erred in dismissing Tremayne Whitlock's complaint for failure to state a claim on which relief can be granted.

## FACTS AND PROCEDURAL HISTORY

¶2.     In 2003, Whitlock was convicted of murder and sentenced to life in prison. This Court affirmed his conviction and sentence in *Whitlock v. State*, 941 So. 2d 843, 846 (¶11) (Miss Ct. App. 2006), and the supreme court denied certiorari.

¶3.     According to Albert Necaise, he met with Whitlock's parents in 2007 and orally

contracted to investigate whether Whitlock had any potential postconviction-collateral-relief (PCR) claims; however, a nonrefundable initial retainer of $10,000 was due prior to the investigation. If filing was warranted based on the initial investigation, an additional $10,000 would be required to file a PCR petition. He was not hired to proceed with postconviction relief in federal court by habeas corpus petition or otherwise.

¶4.     According to Whitlock, for a total of $10,000, Necaise agreed to prepare and file a PCR petition. He also agreed to observe all time requirements of filing the PCR petition and protect Whitlock's right to later file a habeas corpus petition in federal court, should that be necessary.

¶5.     In a letter dated August 2, 2008, Whitlock stated:

> From my understanding you made an agreement to start when you w[ere] paid $10,000. Which is why I have been constantly reminding my parents of that agreement and how serious it is that we must meet my deadline. I do not want you to rush[,] but I want to make sure you have enough time to do your on [sic] personal investigation . . . . The other $20,000 will fall together . . . . However, certainly you know I did not file in time to reserve the right to [w]rit of [h]abeas [c]orpus in [f]ederal [c]ourt.[1]

¶6.     According to Whitlock, the $10,000 was paid in full on October 20, 2008. After receiving the $10,000, Necaise started the investigation and hired a private investigator.

¶7.     In a letter dated October 20, 2009, Necaise stated that he no longer represented Whitlock and enclosed Whitlock's court record so that Whitlock could file a PCR petition

---

[1] The supreme court denied Whitlock's petition for a writ of certiorari on November 2, 2006. Whitlock did not file a petition for a writ of certiorari with the United States Supreme Court; therefore, Whitlock's judgment became final—and the statute of limitations for federal habeas relief began to run—on January 31, 2007. So Whitlock had until January 31, 2008, to file his petition. *See Whitlock v. Bingham*, No. 2:10cv260-KS-MTP, 2011 WL 1466391, at *1 (S.D. Miss. Mar. 11, 2011).

no later than November 2. Correspondence on October 23 indicated there was a delay with the delivery of the court record to Whitlock. Around October 28, 2009, Whitlock filed a PCR petition with the supreme court, a second PCR petition in May 2011, and an application for leave to file a PCR petition in February 2014—all were denied.

¶8. On October 5, 2012, Whitlock filed a complaint against Necaise in Rankin County Circuit Court. The complaint alleged that Necaise "failed to fulfill his obligation and duty and provide said services . . . [under the] contract." Specifically, Necaise "breached the terms of said contract when he failed to timely file a motion for [PCR]. . . ." And Necaise's "breach of contract[] was the direct result of [Whitlock's] filing a [PCR petition], which was inadequate[,] . . . resulting in said motion being unsuccessful." Furthermore, "[a]s a direct result of [Necaise's] . . . breach of contract, [Whitlock's] federal habeas corpus petition was time-barred . . . ." Whitlock also alleged gross negligence, misrepresentation/fraudulent representation, and grand larceny. He requested compensatory or actual damages and punitive damages.

¶9. Necaise filed an answer and motion to dismiss, asserting failure to state a claim on which relief can be granted, lack of jurisdiction, and improper venue.[2] Subsequently, venue was transferred to the Harrison County Circuit Court, and Whitlock moved for summary judgment.

¶10. On April 13, 2015, the circuit court granted Necaise's motion to dismiss for failure to state a claim. The circuit court cited to *Gibson v. Trant*, 58 S.W.3d 103 (Tenn. 2001), to

---

[2] Whitlock filed an objection to Necaise's motion to dismiss.

3

support its ruling:

> It should be noted that [Whitlock's c]omplaint is based on a claim of legal malpractice which occurred while . . . Necaise was representing [Whitlock] in a criminal case.

> For a claim of legal malpractice (committed in a criminal case) to have standing in a civil cause of action, [Whitlock], in his civil litigation, must show that he has been successful in a [PCR] appeal.

¶11.    Whitlock appeals asserting that although he did not state a claim for legal malpractice, he stated a claim for breach of contract.

## DISCUSSION

¶12.    When an attorney undertakes to serve a client, he assumes duties sounding in contract and tort.  *See Singleton v. Stegall*, 580 So. 2d 1242, 1244 (Miss. 1991).  An attorney owes his client duties falling into three broad categories:

> First, he owes a duty of care consistent with the level of expertise he holds himself out as possessing.  This duty of care imports not only skill or expertise, but diligence as well.  Second, he owes his client a duty of loyalty and fidelity, which includes duties of confidentiality, candor[,] and disclosure.  Third, he owes any duties created by his contract with his client.

*Estate of St. Martin v. Hixson*, 145 So. 3d 1124, 1128-29 (¶9) (Miss. 2014) (citation omitted).

"That an action may lie for the [attorney's] breach of these duties is settled." *Singleton,* 580 So. 2d at 1245.  "Recovery, however, requires proof of proximate cause[.]" *Id.*

¶13.    Our question is a narrow one: whether Whitlock's complaint stated a claim upon which relief may be granted.[3]

---

[3] Whitlock stated that the circuit court "was correct in that [he] did not state a claim for legal malpractice."  We believe Whitlock means he did not state a claim for legal malpractice sounding in tort (i.e., breach of the duty of care or the duty of loyalty).  Whitlock asserts that he stated a claim for breach of contract.

¶14. Whitlock was required to provide: (1) a short, plain statement of the claim for relief; and (2) a demand for a judgment for the relief to which he is entitled. *See id.* "Where, as here, a prisoner is proceeding pro se, we take that fact into account and, in our discretion, credit not so well pleaded allegations . . . to the end that a prisoner's meritorious complaint may not be lost because inartfully drafted." *Id.* at 1246 (citation omitted).

¶15. Keeping these thoughts in mind, the law obliged the circuit court to review Whitlock's complaint and ask whether it suggested a set of facts that might support relief. *See id.* "The [circuit c]ourt had no authority to dismiss the complaint unless it may fairly and objectively be said that [Whitlock] could prove no set of facts in support of his claim which would entitle him to relief." *Id.* "We review the [c]ircuit [c]ourt's dismissal of the complaint de novo." *Id.*

¶16. When we read Whitlock's complaint, we find it does suggest breach of contract. Whitlock stated that Necaise "failed to fulfill his obligation and duty and provide said services . . . [under the] contract." Specifically, Whitlock stated that Necaise breached the contract when he failed to file a timely PCR petition. And Necaise's breach of contract resulted in Whitlock filing an inadequate PCR petition. Furthermore, Whitlock stated that Necaise's breach of contract resulted in Whitlock's federal habeas corpus petition being time-barred.

¶17. Unlike a motion for summary judgment, a motion for failure to state a claim "does not test the sufficiency of the evidence to support the claim. The question for the [circuit] court is: if the pleader can prove the factual allegations in his or her complaint, would he or she be

5

entitled to a judgment under applicable law?" 2 Jeffrey Jackson et al., *Encyclopedia of Mississippi Law* § 13:21, at 137-38 (2d ed. 2015). Whitlock stated a claim against Necaise upon which relief may be granted. The circuit court erred when it dismissed the complaint on its face. Therefore, the judgment of the circuit court is reversed, and this case is remanded and restored to the active docket of the circuit court for further proceedings.

¶18. "We trust it goes without saying that not a word said here suggests how the case should be decided on its merits, nor even how the [circuit] court should rule on such additional pre-trial matters as may be properly presented." *Singleton*, 580 So. 2d at 1248.

¶19. **THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY, FIRST JUDICIAL DISTRICT, IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.**

**GRIFFIS, P.J., BARNES, CARLTON, JAMES, WILSON AND GREENLEE, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. ISHEE AND FAIR, JJ., NOT PARTICIPATING.**